UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIVYA VENIGALLA,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES' ADMINISTRATIVE APPEALS OFFICE, *et al.*,<br><br>           Defendants. | No. 25-cv-179 (TSC) |

**MEMORANDUM OPINION**

Plaintiff Divya Venigalla, a citizen of India, challenges the decision of U.S. Citizenship and Immigration Services ("USCIS") to reject her appeal of a denial of an immigration benefit. Defendants now move to dismiss. *See* Defs.' Mot. to Dismiss, ECF No. 8. For the reasons below, the court will GRANT IN PART and DENY IN PART the Motion.

                        **I.    BACKGROUND**

**A.  Legal Background**

An affected party who wishes to appeal the denial of an immigration benefit by USCIS must file a Form I-290B "within 30 days after service of the decision." 8 C.F.R. § 103.3(a)(2)(i). If a party is served by mail, the date of mailing is deemed the date of service and "3 days shall be added to" the 30-day appeal deadline. *Id.* § 103.8; *see also* USCIS Admin. App. Off., Practice Manual § 3.7(c)(1), https://perma.cc/EF2M-WSHF ("[S]ervice . . . by mail is complete upon the date of mailing[.]"). Thus, a party must appeal a mailed denial of an immigration benefit within 33 days of the date of mailing. *See* Practice Manual § 3.7(c). An appeal "will be rejected if it is

not . . . signed with [a] valid signature," and a rejected appeal "will not retain [its] filing date." 8 C.F.R. § 103.2(a)(7)(ii); *see also id.* § 1.2 (defining "benefit request" to include "any . . . appeal").

The regulations contain a safety valve for untimely appeals. "If an untimely appeal meets the requirements of . . . a motion to reconsider as described in [8 C.F.R.] § 103.5(a)(3)[,] the appeal must be treated as [such] a motion, and a decision must be made on the merits of the case." 8 C.F.R. § 103.3(a)(2)(v)(B). But a motion to reconsider must itself be made within 30 days of the decision for which it seeks reconsideration or else it is untimely. And an untimely motion to reconsider may only be heard if the "failure to file" by the deadline is "excused in the discretion of the Service where it is demonstrated that the delay was reasonable and beyond the control of the applicant or petitioner." *Id.* § 103.5(a)(1)(i). Thus, an untimely appeal only "meets the requirements" of a motion to reconsider if it both satisfies the criteria listed in § 103.5(a)(3) *and* if the filing delay is excused by USCIS under § 103.5(a)(1)(i).[1]

---

[1] Plaintiff argues that an untimely appeal need only meet the criteria laid out in § 103.5(a)(3) without regard to how untimely the appeal is filed and the reasonableness of that delay. But regulations "must be read in their context and with a view to their place" within "a symmetrical and coherent regulatory scheme." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132 (2000). Regulations must also be read to avoid "unreasonable . . . , unjust and absurd" results. *Cannon v. Watermark Retirement Cmtys.*, 45 F.4th 137, 149 (D.C. Cir. 2022). Read within its broader regulatory context, § 103.3(a)(2)(v)(B)'s use of the phrase "as described in [8 C.F.R.] § 103.5(a)(3)" is best understood as clarifying that "a motion to reopen" refers to "a motion to reopen" as described in § 103.5(a)(3), not of relieving an untimely appeal that otherwise substantively qualifies a motion to reopen of the need to also qualify for a discretionary excusal of untimeliness by the Service under § 103.5(a)(1). To hold otherwise would produce the absurd result of requiring the agency to evaluate the merits of appeals filed years or decades after the appeal deadline. It would also produce the absurd result of allowing parties to restyle an untimely motion to reopen as an untimely appeal that meets the substantive criteria of a motion to reopen, thus skirting the filing deadline for a motion to reopen.

B. **Factual Background**

On August 14, 2023, USCIS mailed Plaintiff a notice of denial of her petition for an immigrant investor green card. Compl. ¶ 9, ECF No. 1; *see also* Compl. Ex. A. at 1, ECF No. 1-2. The notice warned Plaintiff that any appeal "must be filed . . . within 33 calendar days of the date of this notice." Compl. Ex. A at 1. On September 18, Plaintiff submitted a Form I-290B appeal. *See* Compl. ¶ 10. Although that was 35 days after the notice of denial, Plaintiff's Form I-290B was timely because the 33-day deadline fell on a Saturday—September 16—and when a deadline falls on a Saturday, it is extended until the end of the next business day—in this case, September 18. 8 C.F.R. § 1.2. On September 21, however, USCIS rejected Plaintiff's Form I-290B appeal because the signature page was missing. Compl. ¶ 11; *see also* Compl. Ex. A at 20.

On October 27—74 days after the denial of Plaintiff's petition and 36 days after the rejection of her appeal for lack of a valid signature—Plaintiff "refiled her appeal" by submitting a second Form I-290B with the signature page attached. Compl. ¶ 12. Plaintiff also submitted a five-page legal brief. *See* Compl. Ex. A at 42–46. In it, she asked USCIS to treat the earlier appeal as timely filed under the doctrine of equitable tolling, arguing that equitable tolling was appropriate because she timely filed a defective pleading. *See id.* at 42 (citing *Irwin v. Dep't of Veterans' Affs.*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period.")). In the alternative, Plaintiff asked USCIS to treat her second, untimely Form I-290B as a motion to reconsider under 8 C.F.R. § 103.3(a)(2)(v)(B). *Id.* at 42–43.

Approximately a year later, in October 2024, USCIS's Administrative Appeals Office ("AAO") rejected Plaintiff's second appeal as untimely. Compl. Ex. A at 115. The AAO did not

address Plaintiff's argument that her first appeal should be deemed timely under the doctrine of equitable tolling.  *See id.*; *see also* Compl. ¶¶ 31, 33.

### C. Procedural History

In January 2025, Plaintiff sued two components of USCIS:  The AAO and the Immigrant Investor Program ("IIP").  She brings five claims: two under the Mandamus Act asking the court to "compel the AAO to accept [Plaintiff's] appeal" or "compel the IIP to treat [Plaintiff's second] appeal . . . as a motion to reconsider," Compl. ¶¶ 27, 41, and three claims under the Administrative Procedure Act asserting that it was contrary to law, arbitrary and capricious, and an abuse of discretion for the AAO to not address Plaintiff's request for equitable tolling.  *Id.* ¶¶ 29, 31–32, 33–34.[2]  Defendants now move to dismiss for lack of jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b)(1) and (6).

## II.     LEGAL STANDARDS

"To survive a motion to dismiss under Rule 12(b)(1)," a plaintiff "must demonstrate that the court has jurisdiction." *Davis v. United States*, 973 F. Supp. 2d 23, 26 (D.D.C. 2014) (citing *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008)).  In assessing a Rule 12(b)(1) motion, the court must "accept all factual allegations in the complaint as true," but "those allegations will bear closer scrutiny" than they would "in resolving a 12(b)(6) motion." *Jordan v. Rubio*, 795 F. Supp. 3d 46, 52 (D.D.C. 2025) (cleaned up).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court

---

[2] Plaintiff's APA claims do not challenge the IIP's failure to consider her request to construe her untimely appeal as a motion to reconsider.

"need not, however, accept inferences that are unsupported by the facts set out in the complaint, nor will it accept legal conclusions cast [as] factual allegations." *Islamic Am. Relief Agency v. Gonzales*, 477 F.3d 728, 732 (D.C. Cir. 2007).

### III. DISCUSSION

#### A. Mandamus Act

"Mandamus is an 'extraordinary remedy, reserved only for the most transparent violations of a clear duty to act.'" *In re Ctr. for Bio. Diversity*, 53 F.4th 665, 670 (D.C. Cir. 2022) (quoting *In re Bluewater Network*, 234 F.3d 1305, 1315 (D.C. Cir. 2000)). "It is hardly ever granted." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc) (cleaned up). "To show entitlement to mandamus, plaintiffs must demonstrate (1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate alternative remedy exists." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Critically, the agency's duty to act must be non-discretionary. *In re Nat'l Nurses United*, 47 F.4th 746, 752 (D.C. Cir. 2022) ("The [agency's] duty must be incontrovertible and not a matter within the agency's discretion."). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Burwell*, 812 F.3d at 189.

Plaintiff has not shown "a clear and indisputable right to [the] relief" she requests. *In re Cheney*, 406 F.3d at 729 (cleaned up). First, Plaintiff asks the court to order the AAO to accept her first appeal as timely filed under the doctrine of equitable tolling. Compl. ¶ 27. Assuming the doctrine of equitable tolling applies to USCIS's appeal deadline, Plaintiff has still failed to show that she is clearly and indisputably entitled to that relief. As Plaintiff recognizes, to prevail on her claim to equitable tolling, she would need to demonstrate that "she timely file[d] a

technically defective pleading *and in all other respects act[ed] with the proper diligence* which [the filing deadlines] were intended to insure." Pl.'s Opp'n at 4, ECF No. 10 (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (cleaned up)) (emphasis added).  It is not clear that Plaintiff acted with proper diligence by taking 36 days after the rejection of her appeal to remedy the defect.  *See Ajenifuja v. Dangote*, 485 F. Supp. 3d 120, 127 (D.D.C. 2020) ("Equitable tolling is an extraordinary remedy that courts apply sparingly." (citing *Norman v. United States*, 467 F.3d 773, 776 (D.C. Cir. 2006)).

In any event, "[e]quitable tolling is [usually] discretionary."  *Christmas v. Hooper*, 118 F.4th 724, 732 (5th Cir. 2024); *see also Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 523 (D.C. Cir. 2019) (explaining that the application of the doctrine of equitable tolling is ordinarily reviewed for abuse of discretion unless based upon an error of law).  And that is so here:  If the doctrine of equitable tolling in fact applies to the filing deadline, it would be within the AAO's discretion to decide in the first instance whether Plaintiff acted with diligence in remedying her defective appeal.  *See Flaherty v. Pritzker*, 195 F. Supp. 3d 136, 143 (D.D.C. 2016) ("In reviewing agency action, the district court 'sits as an appellate tribunal, not a court authorized'" to make "'trial-type'" decisions. (quoting *Marshall Cnty. v. Shalala*, 988 F.2d 1221, 1225 (D.C. Cir. 1993)).  Thus, Plaintiff also cannot show that the AAO "failed to perform a *non-discretionary* duty to act." *Elec. Priv. Info. Ctr. v. IRS*, 910 F.3d 1232, 1244 (D.C. Cir. 2018) (emphasis added); *see also In re Nat'l Nurses United*, 47 F.4th at 752 ("The [agency's] duty must be incontrovertible and not a matter within the agency's discretion.").

Plaintiff's request that the court order the IIP to treat her second untimely appeal as a motion to reconsider runs into the same two problems.  As described above, the IIP need only consider an untimely appeal as a motion to reconsider if it first finds, in its discretion, that

Plaintiff's delay was reasonable and beyond her control. *Bestman v. DHS*, No. 20-cv-564, 2025 WL 358764, at *6 (D.D.C. Jan. 31, 2025) ("A delayed filing 'may be excused in the [agency's] discretion' if the applicant 'demonstrate[s] that the delay was reasonable' and 'beyond [her] control.'" (quoting 8 C.F.R. § 103.5(a)(1)(i))). Because "the decision whether to excuse an untimely motion to reconsider . . . lies entirely within USCIS's discretion," *id.*, Plaintiff cannot show that IIP "failed to perform a non-discretionary duty to act." *Elec. Priv. Info. Ctr.*, 910 F.3d at 1244. Plaintiff also cannot establish "a clear and indisputable right to relief," *In re Cheney*, 406 F.3d at 729 (cleaned up), because it is not apparent that her 74-day delay in filing a proper appeal was "reasonable" and "beyond [her] control." 8 C.F.R. § 103.5(a)(1)(i). The missing signature page appears to be Plaintiff's fault, and she alleges no facts to the contrary. In any event, it is not indisputable that Plaintiff acted reasonably in taking 36 days to submit the missing page. In sum, because Plaintiff cannot clear the threshold requirements for either of her Mandamus Act claims, the court lacks jurisdiction over those claims and they will be dismissed.

### B. Administrative Procedure Act

The court will not, however, dismiss Plaintiff's claims that the AAO violated the APA by entirely failing to consider her equitable tolling claim. To start, the court disagrees with Defendant's contention that it lacks jurisdiction over Plaintiff's APA claims. In *Attipoe v. Barr*, the Second Circuit was confronted with a similar argument that it "lack[ed] jurisdiction to consider an appeal" from the Bureau of Immigration Appeals' "entirely discretionary decision" not to accept a late-filed appeal. 945 F.3d 76, 80 (2d Cir. 2019). But the Court explained that "the gravamen of [the plaintiff's] appeal is that the BIA erred in not considering his argument that, because the filing deadline . . . is nonjurisdictional, it is subject to equitable tolling." *Id.* The Court went on to hold that it had jurisdiction to review the BIA's failure to consider the

plaintiff's equitable tolling argument.  *See id.*  The same is true here.  Although this court might lack jurisdiction to review the discretionary denial of an equitable tolling request, the failure to consider such a request is not a discretionary decision over which the court lacks jurisdiction—it is a failure to make a discretionary decision altogether.

Turning to the merits, Plaintiff has adequately alleged that the AAO violated the APA by failing to address her request for equitable tolling.  Although this court's review under the APA is "deferential," an agency's decision must still "be reasonable and reasonably explained."  *FCC v. Prometheus Radio Proj.*, 592 U.S. 414, 423 (2021).  "Unless the agency answers objections that on their face seem legitimate, its decision can hardly be classified as reasoned."  *PPL Wallingford Energy v. FERC*, 419 F.3d 1194, 1198 (D.C. Cir. 2005) (cleaned up).  Thus, the APA's reasoned explanation requirement demands that an agency "respond meaningfully" to a party's nonfrivolous argument.  *Id.* (cleaned up).

Plaintiff has plausibly alleged that the AAO failed to address her argument that (1) the doctrine of equitable tolling applied to the appeal-filing deadline, and (2) she was entitled to equitable tolling because she timely filed a defective appeal which she then remedied.  *See* Compl. ¶¶ 31, 33.  Indeed, the AAO's rejection of Plaintiff's appeal offers only a single paragraph of reasoning that does not mention equitable tolling at all.  *See* Compl. Ex. A at 115.  The AAO's apparent failure to address Plaintiff's argument plausibly violates the APA because Plaintiff's argument is facially legitimate and nonfrivolous.  First, the doctrine of equitable tolling may apply to the appeal-filing deadline.  "Non-jurisdictional timing rules are presumptively subject to equitable tolling."  *Nelson v. SEC*, 138 F.4th 514, 522 (D.C. Cir. 2025) (quoting *Boechler P.C. v. Comm'r*, 596 U.S. 199, 209 (2022)) (cleaned up).  And filing deadlines are quintessential non-jurisdictional timing rules.  *See Henderson v. Shinseki*, 562 U.S. 428, 435

(2011). Second, if the doctrine of equitable tolling does apply to USCIS's filing deadline, Plaintiff has a nonfrivolous argument that it should be granted to her: Although equitable tolling is "an extraordinary remedy" to be applied "sparingly," *see Ajenifuja*, 485 F. Supp. 3d at 127, Plaintiff's claim that she acted diligently is substantial enough that it cannot be ignored.

Ultimately, Defendants may be right that Plaintiff is not entitled to equitable tolling, but the court will not resolve that issue in the first instance. "[W]hen an agency does not respond to arguments that do not appear frivolous on their face and could affect the agency's ultimate disposition," the usual course is to "remand for agency consideration" of the arguments. *Constellation Mystic Power, LLC v. FERC*, 45 F.4th 1028, 1054–55 (D.C. Cir. 2022) (cleaned up).

## IV.    CONCLUSION

For the foregoing reasons, the court will GRANT Defendants' Motion to Dismiss with respect to Plaintiff's Mandamus Act claims and DENY Defendants' Motion to Dismiss with respect to Plaintiff's APA claims. A separate order will follow this opinion.

Date: January 20, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge